PROVENS, APPELLANT, *v.* OHIO REAL ESTATE COMMISSION, APPELLEE.

[Cite as Provens v. Ohio Real Estate Comm. (1975), 45 Ohio App. 2d 45.]

(No. 75AP-62—Decided July 22, 1975.)

*Mr. Keith McNamara,* for appellant.
*Mr. William J. Brown,* Attorney General, *Mr. Thomas Turk* and *Mr. Patrick Kerrigan,* for appellee.

STRAUSBAUGH, P. J.   This is an appeal from a judgment of the Court of Common Pleas affirming the order of the Ohio Real Estate Commission which denied plaintiff, the appellant, the right to take an examination to become a licensed real estate broker. The record of the hearing before the commission indicates that plaintiff is a 55 year old married woman, a resident of Hilliard, Ohio, who graduated from Jefferson Township High School, where she was a good student, and attended one year at Cedarville College, where she was an outstanding student.

The record further indicates that she worked for 8 years for the welfare department in Greene County, in addition to holding various other jobs; that she complied with

her husband's preference that she not work until both children were through high school; that she has recently finished two courses at Columbus Technical Institute; that she scored 257 out of a possible 295 on the examination for a license as a real estate salesperson on November 23, 1971; that since obtaining her license she has worked continuously full time as a licensed salesperson for Mr. Floyd Burton, a licensed real estate broker of Hilliard, Ohio; that during her 2½ years as a licensed salesperson, she has obtained listings, secured buyers, and closed 15 real estate sales transactions; that she did her own advertising and paid for it herself; that she wrote her own ads; that she showed the properties; that she took care of the sales contracts; that if there was any financing to be done she did work with the credit report; that she worked with the people to obtain their financing; that she attended the closings, signing the necessary papers for the broker that had to be signed; that she obtained the permission of the broker to write checks at the closings; that after the closing she took the money to the trust account, depositing it in the trust account; that at every closing there had never had to be any changes in any of her figures which were always accurate; that her sales consisted of primarily residential properties, although one had been industrial and another commercial; and that she had experience with farm management and in management of rental properties.

Her broker, Mr. Burton, testified that in his opinion plaintiff had sufficient experience and capacity to serve as a real estate broker and that he had encouraged her to apply for the license. On April 23, 1974, plaintiff was notified by the Ohio Real Estate Commission that her application had been denied for the following reason: "* * * [Y]ou do not fulfill the requirements of Revised Code 4735.07(E), in that you lack sufficient experience to the satisfaction of the commission." Plaintiff appealed to the Court of Common Pleas which affirmed the commission's order. It is from this judgment that this appeal is taken.

The first assignment of error reads:

"The order of the Ohio Real Estate Commission is

not supported by reliable, probative and substantial evidence; it constitutes an abuse of discretion and is against the manifest weight of the evidence in that all of the evidence produced, without contradiction, indicates that appellant has had sufficient experience to qualify her for the broker's examination." R. C. 4735.07 provided, at the time in question:

"The Ohio real estate commission shall issue a broker's license when it is satisfied that the applicant or each named member or officer of a partnership, association, or corporate applicant *has complied with the rules of the commission,* has received a passing grade in the broker's examination, and has provided evidence of having met the following qualifications:

"(A) Is honest, truthful, and of good reputation;

"(B) Has not been convicted of a felony or crime of moral turpitude * * *

"(C) Is at least eighteen years of age;

"(D) Is a citizen of the United States;

"(E) Has had *sufficient experience to the satisfaction of the commission* to qualify him for the broker's examination and has complied with one of the following * * *." (Emphasis added.)

R. C. 4735.10 provided:

"The Ohio real estate commission may make reasonable rules and regulations as provided by Chapter 119. of the Revised Code, relating to:

"(A) The form and manner of filing applications for license;

"(B) The issuance, suspension, and revocation of licenses; and the conduct of hearings;

"(C) Standards for approval of courses of study required for licenses;

"(D) Times and form of examination for license;

"(E) Standards of ethical real estate practice;

"(F) Annual certificates of continuation in business;

"(G) Placing an existing broker's license in escrow for periods not to exceed two years upon good cause shown.

"The commission may hear testimony in matters re-

lating to the duties imposed upon it, and the president and secretary of the commission may administer oaths. The commission may require other proof of the honesty, truthfulness, and good reputation of any person named in an application for a real estate broker's, real estate salesman's, limited real estate broker's, or limited real estate salesman's license before admitting the applicant to the examination or issuing a license.''

Although the above sections refer to rules and regulations of the commission, we find no rules and regulations, and are referred to none which had been adopted by the commission delineating or defining ''sufficient experience'' as set forth in R. C. 4735.07 (E). By failing to define that term a commission may act capriciously and without any standards. Here, the commission has set forth no standards or guidelines to indicate that which will be ''sufficient experience'' to satisfy the commission. Without such standards or guidelines the action of the commission must be held to be arbitrary and an abuse of discretion.

This court spoke pointedly in favor of definite standards of administrative adjudication in the unreported decision *In re Blue Cross* v. *Supt. of Ins.*, No. 73AP-158, Franklin County Court of Appeals, rendered on December 28, 1973, wherein we pointed out the following:

''[There is a] * * * social value in encouraging the security of transactions and for some degree of stability. Persons engaged in business have a right to know what government policy and rules are in advance * * * if there be no rule, then the result becomes as flexible as the grass in a breeze. It is important to the democratic process that commissions say what they are doing, and adhere to what they have said unless and until a change is clearly indicated.'' See also the unreported decision in *In re Blue Cross Hospital Plan, Inc.*, No. 73AP-497, Franklin County Court of Appeals, rendered on August 27, 1974.

It is interesting to note that the legislature has enacted a new law effective March 4, 1975, substituting the following language for R. C. 4735.07 (E):

"Has been a licensed real estate salesman in this state for at least two years, and during at least two of the five years preceding his application, has worked as a licensed real estate salesman for an average of at least thirty hours per week, and has completed one of the following * * *."

The question of the validity of that section is, of course, not before us. Plaintiff's first assignment of error is sustained.

The second assignment of error states:

"The provisions of Section (E) of Ohio Revised Code Section 4735.07 requiring appellant to have 'sufficient experience to the satisfaction of the Commission' constitute an unconstitutional delegation of legislative power and are void."

We find that there are sufficient guidelines laid down in the establishment of the Ohio Real Estate Commission by the legislature to enable the commission to establish reasonable rules and regulations to determine what is "sufficient experience" to qualify a candidate for a broker's examination. The mere fact that the commission failed to set forth the proper rules and regulations does not invalidate the statutory enactment authorizing the commission to so act. We, therefore, overrule appellant's second assignment of error, reverse the trial court's judgment, and remand this cause to that court for further proceedings based upon law and this decision.

*Judgment reversed and cause remanded.*

REILLY, J., concurs.
WHITESIDE, J., concurs in the judgment only.

WHITESIDE, J., concurring in the judgment only. Although I concur in the judgment of reversal, I cannot concur in the basis set forth in the majority opinion for that judgment. The very reason that the majority finds the first assignment of error to be well taken demonstrates that the statute constitutes an unconstitutional delegation of legislative power. As the majority points out, the com-

mission has not set forth any standards or guidelines, by rule, to indicate what constitutes sufficient experience to the satisfaction of the commission. I agree that without such standards or guidelines the action of the commission is arbitrary, but the problem lies not in the failure of the commission to adopt rules. It lies in the failure of the statute to set forth sufficient standards or guidelines for the commission to follow in its fact finding function of determining whether an applicant meets the statutory requirements to take the broker's examination.

Although this section has since been amended, R. C. 4735.07, at all times pertinent hereto, provided:

"The Ohio real estate commission shall issue a broker's license when it is satisfied that the applicant or each named member or officer of a partnership, association, or corporate applicant has complied with the rules of the commission, has received a passing grade in the broker's examination, and has provided evidence of having met the following qualifications * * *

"(E) Has had sufficient experience to the satisfaction of the commission to qualify him for the broker's examination and has complied with one of the following:

"(1) Has been associated as a real estate salesman with a licensed real estate broker for at least two years and, on and after January 2, 1972, has successfully completed at an institution of higher education:

"(a) Thirty hours of classroom instruction in real estate practice and thirty hours of classroom instruction in real estate law, provided that the commission shall waive the requirements of division (E)(1)(a) of this section if the applicant presents evidence of admission to practice before the supreme court of Ohio or the completion of a course of study equivalent to that required herein;

"(b) Thirty hours of classroom instruction in real estate appraisal and thirty hours of classroom instruction in real estate finance, provided the commission shall waive the requirements of division (E)(1)(b) of this section if the applicant presents evidence of the completion of a course of study equivalent to that required herein or has

received a passing grade in a special examination given by the commission on the material covered by such courses;

"(2) Has had at least two years' experience full time in a real estate business or service prior to January 2, 1972.

"Prior to January 2, 1972, in lieu of the requirements of division (E) of this section, has finished a certificate that he has received a passing grade in each of two separate real estate courses approved by the commission, not taken concurrently, in a college or university approved by the department of education, and has to the satisfaction of the commission actively participated in a real estate business under the supervision of a licensed real estate broker for at least one year.

"Division (E)(1)(a) and (E)(1)(b) of this section do not apply to any applicant who holds a valid real estate salesman's license issued prior to January 2, 1972.

"Each applicant or other such person shall be examined in the principles of real estate practice as to the duties of real estate brokers and real estate salesmen, as to applicant's knowledge of real estate transactions and instruments relating thereto, and as to the canons of business ethics pertaining thereto. The commission shall from time to time promulgate such canons and cause them to be published in printed form. * * *"

The essential provision is the requirement that the applicant for a broker's license must submit evidence that he "has had sufficient experience to the satisfaction of the commission to qualify him for the broker's examination." It is this language which constitutes an unconstitutional delegation of legislative power.

The commission made the following factual finding with respect to plaintiff's qualifications:

"Mrs. Provens has been licensed as a real estate salesman for approximately two and one-half years, and had 12 residential, 1 industrial, and 2 investment property sales. Her total volume in real estate was over $250,000. In 1973 her income in real estate was $4,000. She has taken courses in real estate at the Columbus Technical In-

**52**

stitute, which courses were Real Estate Finance, Real Estate Appraisal, Real Estate Law, and Real Estate Principles and Practice. She is presently taking courses toward her G. R. I. designation. She has managed rental property for her broker, Coye V. Burton, Hilliard, Ohio. Her broker, Coye V. Burton, stated that she was a good saleslady, and had handled many of the sales on her own.''

The journal of the commission as certified by its assistant secretary then states that:

''At the close of the hearing, a motion was made and passed:

''The applicant's experience has been noted. In the broad area of real estate business and service, the applicant had minimal sales experience. The following transactions are noted:

''15 Real Estate Transactions

''Therefore, she does not meet the requirements of the statute, Section 4735.07, Ohio Revised Code.''

There is no express finding that plaintiff's experience is insufficient, nor any indication as to the nature or extent of any deficiency. The motion states merely that the plaintiff ''does not meet the requirements of'' R. C. 4735.07. The original notice to plaintiff of the denial of her application does state that ''you lack sufficient experience to the satisfaction of the commission.'' However, this preceded the hearing and final determination as set forth above.

The majority apparently concludes that the grant of power of R. C. 4735.07(E) with regard to ''sufficient experience'' is not self-executing but, rather, depends upon the adoption of rules as to what constitutes sufficient experience. The statute does not support such conclusion. Nothing in R. C. 4735.07 suggests that rule-making, rather than fact finding, is involved. R. C. 4735.10 confers rule-making power upon the commission but does not include the power to make rules with respect to sufficient experience to qualify to take a broker's examination. Rather, R. C. 4735.10 provided, at the time concerned within this case:

''The Ohio real estate commission may make reasonable rules and regulations as provided by Chapter 119. of the Revised Code relating to:

"(A) The form and manner of filing applications for license;

"(B) The issuance, suspension, and revocation of licenses; and the conduct of hearings;

"(C) Standards for approval of courses of study required for licenses;

"(D) Times and form of examination for license;

"(E) Standards of ethical real estate practice;

"(F) Annual certificates of continuation in business.

"(G) Placing an existing broker's license in escrow for periods not to exceed two years upon good cause shown.

"The commission may hear testimony in matters relating to the duties imposed upon it, and the president and secretary of the commission may administer oaths. The commission may require other proof of the honesty, truthfulness, and good reputation of any person named in an application for a real estate broker's, real estate salesman's, limited real estate broker's or limited real estate salesman's license before admitting the applicant to the examination or issuing a license."

As conferring "fact finding," as opposed to rule-making authority, the statute in question is very similar to that involved in *Harmon* v. *State* (1902), 66 Ohio St. 249, which provided for a license for steam engineers if the applicant was found to be trustworthy and competent. It is stated, at page 252:

"By this section the examiner is made the exclusive judge as to whether an applicant is trustworthy and competent. No standard is furnished by the general assembly as to qualification, and no specifications as to wherein the applicant shall be trustworthy and competent, but all is left to the opinion, finding and caprice of the examiner. He is the autocrat with unlimited discretion, without rules prescribing the qualifications of applicants for license, only so that he finds them trustworthy and competent. * * *"

Similarly it is stated in the fourth paragraph of the syllabus of *Weber* v. *Board of Health* (1947), 148 Ohio St. 389:

"A resolution * * * which makes it unlawful to transport, deliver or deposit collected garbage for the purpose

of feeding the same in whole or in part to swine or other animals into or within the territory under the jurisdiction of such board, but authorizes the health commissioner, without any standards for his guidance, to approve a system of collection and disposal of garbage * * * is an attempted delegation of legislative power. * * *''

In the first and second paragraphs of the syllabus of *Weber,* the Supreme Court held that the delegation of power to make regulations for the protection of the public health, without specific standards, is valid and constitutional where it is impossible or impractical to provide specific standards. This case followed paragraph seven of the syllabus of *Matz* v. *J. L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, which states:

''As a general rule a law which confers discretion on an executive officer or board without establishing any standards for guidance is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety or general welfare, and it is impossible or impractical to provide such standards, and to do so would defeat the legislative object sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations.''

See also *State* v. *Switzer* (1970), 22 Ohio St. 2d 47 and *State* v. *Schreckengost* (1972), 30 Ohio St. 2d 30.

Each of these cases upheld the validity of statutes conferring power upon an administrative agency to adopt rules and regulations, without specific standards, where it is impossible or impractical to provide specific standards. In this case, however, the delegation is not one to adopt rules or regulations but, rather, the power to determine on a case by case basis whether an applicant has ''sufficient experience'' to qualify to take the broker's examination.

The power thus conferred, like that in *Harmon, supra,* is ''left to the opinion, finding and caprice'' of the commission without any requirement that the same standards be applied in each case and with no way of determin-

ing which standards are being applied or whether they are being uniformly and consistently applied. Even assuming that the delegation herein would have been proper if it had conferred rule-making power, the delegation herein is completely unbridled and unfettered without even a requirement that the commission adopt a standard to be applied leaving it free to determine each case arbitrarily without even being bound by standards it, itself, has adopted.

Furthermore, in this case it is not impossible or impractical to adopt specific standards as to what constitutes sufficient experience. The legislature has done so in the amendment to R. C. 4735.07, effective March 4, 1975. Under the amended law, "sufficient experience" consists of working as a real estate salesman at least thirty hours per week for two years, during which the applicant has completed thirty real estate transactions, at least five of which are of previously occupied residential properties or equivalent experience defined by rules of the commission. The specific standards are provided with power vested in the commission to determine by rule what experience may be equivalent to such standards.

While plaintiff may not meet the experience requirements of the amended statute, this is not determinative of the issues herein, nor does it moot this appeal, since under Ohio law an application for a license or permit is ordinarily determined by the law in effect at the time the application is made, rather than by subsequent legislative action amending such law. See *Gibson* v. *Oberlin* (1960), 171 Ohio St. 1. Such principle is applicable here because if appellant had been given an opportunity to take the broker's examination and thereby obtained a broker's license, such license would remain effective despite the subsequent amendment to the law. See R. C. 4735.14.

As indicated above, there are two ways to exercise delegated authority: (1) to adopt rules under statutory guidelines whether general or specific, and (2) to make factual determinations as to whether statutory or rule requirements have been met. As to the first, rule-making

authority, specific standards are unnecessary where it is impossible or impracticable to provide such standards. As to the second, factual determinations, specific standards must be established either by statute or by rule. Otherwise, there is no basis for determining whether the requirements of the statute or rule have been met, and the matter is left to the arbitrary determination of the administrative agency or officer.

Since the authority concerned with herein involves a factual determination, rather than rule-making, the provisions of R. C. 4735.07, requiring "sufficient experience to the satisfaction of the commission," constitutes an unconstitutional delegation of legislative power. If, as the majority has apparently found, the statute can be construed to constitute a delegation of rule-making authority and is constitutional, then the requirement is not self-executing, but is dependent upon the adoption of rules implementing it. Until such rules are adopted, there would be no requirement that the applicant could meet, again rendering the action of the commission arbitrary.

Counsel for the commission points out that the commission members are required by R. C. 4735.05 to have ten years' experience in the real estate business and, therefore, "can bring special expertise to bear on questions falling within their jurisdiction," apparently in justification of the arbitrary authority attempted to be conferred by R. C. 4735.07 as to experience. However, had plaintiff's same experience been gathered over a period of ten years, rather than two and one-half years, she would qualify as a member of the commission but would not, under the determination of the commission herein, qualify to take the broker's examination.

Accordingly, I would sustain both assignments of error, and concur in the judgment of reversal, but would enter the order that the trial court should have rendered— i. e., reverse the decision of the commission and remand it for the processing of the appellant's application and the administering of the broker's examination.