RAGIAS, APPELLEE, *v.* OHIO REAL ESTATE COMMISSION, APPELLANT.

(No. 85AP-881 — Decided April 22, 1986.)

*Denmead, Gerrity & Tsitouris* and *Chris C. Tsitouris,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Kevin J. Reis,* for appellant.

WHITESIDE, J. Argirios P. Ragias applied to the Ohio Real Estate Commission (the "commission") on March 2, 1984 to take the examination for licensure as a real estate broker. By letter dated March 29, 1984, Ragias was notified that his application had been rejected "because the brokers with whom you have been associated do not credit you with the required number of transactions [to] be seated for the broker exam," as required by R.C. 4735.07(E).

The facts underlying this case are not in dispute. Ragias has been licensed as a real estate salesman since 1976. He possesses a bachelor's degree in real estate from Ohio State University and was enrolled in a master's degree program in real estate at the time the instant action was initiated. Prior to his application to take the broker's ex-

amination, Ragias was employed by Bank One Trust Company, NA, as a trust real estate administrator, for approximately four years. Presently, his immediate supervisor is one Howard J. Moye, a bank employee who is also a licensed real estate broker.

In response to an apparently routine request from the commission pursuant to Ragias' application, Moye filed an affidavit which stated that Ragias was associated with Moye as broker from January 1980 to the present and that Ragias was, during that time, involved in "28 listings which were sold by another"; "23 sold (selling salesman)"; and "54 leases contracted, one year or longer" at Bank One Trust Company in the real estate department. Additionally, Moye made the following notation on his affidavit:

"I supervised applicant in the real estate trust department at Bank One Trust Company, NA. Applicant's real estate license was placed with me from August 16, 1983 to present with both of us acting in our individual capacity and not in any manner whatsoever associated with Bank One Trust Company, NA. No transactions were consummated by the applicant under my broker's license."

After rejection of his application by the Ohio Real Estate Commission, Ragias requested a hearing before the commission. A hearing was held, after which the commission affirmed the prior decision. Ragias then appealed to the Franklin County Court of Common Pleas, which reversed the ruling of the commission, holding that Ragias satisfied the work requirements contained in R.C. 4735.07(E) and that the commission's order was not supported by reliable, probative and substantial evidence.

From that decision, the commission now appeals, raising as its sole assignment of error the following:

"The common pleas court erred as a matter of law in finding that Section 4735.07(E), Ohio Revised Code, does not require an applicant for the broker's examination to possess experience as a licensed real estate salesman as defined in R.C. Section 4735.01(C) and as limited by R.C. Section 4735.01(K)."

The commission argues that, despite the fact that Moye was at all times pertinent hereto a licensed broker and Ragias a licensed salesman, the statute contemplates transactions completed by a salesman acting under the license of the broker with whom the salesman's license is placed. As the transactions in question were consummated by Ragias in his capacity as a bank employee, and the bank is not a licensed broker as defined by the statute, the commission argues that they do not meet the statutory requirements.

Ragias argues that the statute contemplates real estate transactions completed by a licensed real estate salesman while under the supervision of a licensed real estate broker but that there is no statutory requirement that the transactions actually be consummated under the broker's license. In support of his position, Ragias cites *Moye* v. *Ohio Real Estate Commission* (Oct. 1974), Franklin C.P. No. 74CV-03-910, unreported, which involved Ragias' present supervisor's application to take the examination for a broker's license. Like Ragias, Moye's application was rejected, and the decision was affirmed upon hearing before the Ohio Real Estate Commission on the ground that Moye had not been a licensed real estate salesman for two years. The court reversed the decision of the commission, stating the fact that Moye had not been a licensed salesman for two years was irrelevant to his qualification to take the broker's examination, in view of the fact that Moye had been an MAI appraiser since 1966, had supervised over $18,000,000 in sales of real estate while director of real estate at Borden, Inc., and had had his own real estate financing business. The court, therefore, held that Moye

qualified under former R.C. 4735.07(E)(2), which permitted a person to qualify as a broker applicant if he had "at least two years' experience full time in a real estate business or service prior to January 2, 1972." (See 135 Ohio Laws, Part I, 2004, 2005.)

The commission contends that the *Moye* case is inapplicable since R.C. 4735.07 was amended in 1981 (see 139 Ohio Laws, Part I, 201, 210) to read, in pertinent part, as follows:

"No person shall take the broker's examination who has not established to the satisfaction of the superintendent that he:

"* * *

"(E) Has been a licensed real estate broker or salesman for at least two years, and during at least two of the five years preceding his application, has worked as a licensed real estate broker or salesman for an average of at least thirty hours per week, and has completed one of the following:

"(1) At least twenty real estate transactions, in which property was sold for another by the applicant.

"(2) Such equivalent experience as is defined by rules adopted by the real estate commission." (R.C. 4735.07 was also amended in 1985, but that amendment has no application herein.)

With respect to equivalent experience, Ohio Adm. Code 1301:5-3-04 reads in pertinent part:

"Equivalent experience for broker licensing

"(A) For the purposes of division (E)(2) of section 4735.07 of the Revised Code, the requirement of equivalent experience shall be presumed to have been met where an applicant demonstrates that he or she has completed at least twenty-five real estate transactions as defined by this rule involving the property of another.

"(B) For the purposes of section 4735.07 of the Revised Code, 'real estate transaction' shall be defined as follows:

"(1) One consumated [*sic*], bona fide sale of a real property and the improvements thereon for the account of another shall constitute one transaction.

"(2) Three bona fide exclusive listing contracts involving real estate, owned by someone other than the applicant, which were sold during the term of such contract for which the applicant received compensation shall constitute one transaction.

"(3) Three leases for individual commercial, industrial, or residential units for a term of at least one year, for the account of another, shall constitute one transaction. If such leasehold transactions constitute twenty or more of the required number of transactions, the applicant shall have completed five years full time experience in property management and have completed a thirty-classroom-hour course in real estate property management at an institution of higher education.

"(C) Where the experience of an applicant substantially complies with, but is clearly not subject to the definition of 'real estate transaction' as set forth in this rule, the superintendent may recommend that the information on file pertinent to the application of such individual be reviewed by the real estate commission without precluding the applicant's opportunity to personally appeal the initial review of his application."

Ragias contends that he has met the requirements of R.C. 4735.07(E) because he has been a licensed real estate salesman for more than eight years and has worked full time as a licensed salesman for more than the two years immediately preceding his application. Ragias further contends that he has met the equivalent requirements as set out in Ohio Adm. Code 1301:5-3-04 because he has completed twenty-eight listings sold by another, twenty-three sales, and fifty-four leases for more than one year; together, these achievements would constitute fifty transactions

under the formula set forth in Ohio Adm. Code 1301:5-3-04.

The commission first contends that Ragias has failed to comply with the experience requirements of either R.C. 4735.07(E) or Ohio Adm. Code 1301:5-3-04, in that the transactions upon which he relies were consummated by him in his capacity as an employee of Bank One and not while he was "associated with a licensed real estate broker," as required by R.C. 4735.01(A) and (C), which stated (see 139 Ohio Laws, Part I, 201, 201-202) in pertinent part:

"(A) 'Real estate broker' includes any person, partnership, association, or corporation, foreign or domestic, who for another, whether pursuant to a power of attorney or otherwise, and who for a fee, commission, or other valuable consideration, or with the intention, or in the expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"(1) Sells, exchanges, purchases, rents, or leases, or negotiates the sale, exchange, purchase, rental, or leasing of;

"(2) Offers or attempts or agrees to negotiate the sale, exchange, purchase, rental, or leasing of;

"(3) Lists or offers or attempts or agrees to list, or auctions, or offers or attempts or agrees to auction, any real estate, or the improvements thereon;

"* * *

"(7) Assists or directs in the procuring of prospects or the negotiation or closing of any transaction, other than mortgage financing, which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate;

"(8) Is employed by or on behalf of the owner of lots, or other parcels of real estate, at a stated salary, or upon a commission, or upon a salary and commission basis or otherwise, to sell such real estate, or any parts thereof, in lots or other parcels, and who sells, exchanges, offers, attempts, or agrees to negotiate the sale or exchange of any such lot or parcel of real estate;

"* * *

"(C) 'Real estate salesman' means any person associated with a licensed real estate broker to do or to deal in any acts or transactions set out or comprehended by the definition of a real estate broker as set forth in this section, for compensation or otherwise."

The commission argues that Ragias is not "associated with" Moye within the meaning of the statute, contending that the phrase "associated with" refers to an employment type of relationship, in which the real estate salesman is an employee of a licensed real estate broker having his own business. Although it may be used as a euphemism for "employed by," the phrase "associated with" is by no means limited to describing an employment situation, but is a much broader term encompassing a variety of relationships. Webster's Third New International Dictionary, Unabridged (1976), lists numerous definitions of "associate," including "to join often in a loose relationship as a partner, fellow worker, colleague, friend, companion, or ally," but at no point does it list any form of the word "employ" as a synonym. It is a fundamental rule of construction that, absent the manifestation of a contrary intent, words will be construed according to their ordinary meaning. We find nothing in R.C. 4735.01(C) suggesting that the legislature intended that the phrase "associated with" be restricted to meaning "employed by," as suggested by the commission. Accordingly, we conclude that since Ragias worked under Moye's supervision, Ragias could be "associated with" Moye within the meaning of R.C. 4735.01(C).

However, the commission additionally relies upon former R.C. 4735.01(F) (now [K]), which stated (see 139 Ohio Laws, Part I, 201, 203) in pertinent part:

"Neither of the terms 'real estate broker' or 'real estate salesman' includes a person, partnership, association, or corporation, or the regular employees thereof or limited real estate broker or limited real estate salesman, who performs any of the aforesaid acts, whether or not for, or with the intention, or in expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"(1) With reference to real estate or any interest therein owned by such person, partnership, association, or corporation, or acquired on his own account in the regular course of, or as an incident to the management of the property and the investment therein;

"(2) As receiver or trustee in bankruptcy, as guardian, executor, administrator, trustee, assignee, commissioner, or any person doing the things mentioned in this section, under authority or appointment of, or incident to a proceeding in, any court, or as a public officer, or as executor, trustee, or other bona fide fiduciary under any trust agreement, deed of trust, will, or other instrument creating a like bona fide fiduciary obligation;"

The commission contends that this provision excludes transactions completed by employees of the trust department of a bank from being credited toward the experience requirement of R.C. 4735.07 and Ohio Adm. Code 1301:5-3-04.

R.C. 4735.01(A)(8) and former R.C. 4735.01(F) must be read *in pari materia* as they refer to the same subject matter. Under R.C. 4735.01(A)(8), "real estate broker" is defined as including any person who is employed by the owner of real estate at a stated salary to sell such real estate. In contrast, former R.C. 4735.01(F) states that neither the term "real estate broker" nor "real estate salesman" includes anyone who performs the same services in his own behalf, in a fiduciary capacity under

court order, in performance of duties of a public official, or as an attorney at law, or a regular employee of such a person.

Under the interpretation of former R.C. 4735.01(F) advanced by the commission, this provision is in direct conflict with R.C. 4735.01(A)(8), which defines the term real estate broker and real estate salesman as including the same persons and acts that former R.C. 4735.01(F) would exclude. The two provisions may be reconciled by interpreting former R.C. 4735.01(F) not as an exclusion, but as an exemption. In other words, former R.C. 4735.01(F) exempts persons acting in their own behalf, as court-appointed fiduciaries, as public officials or as attorneys, from the real estate licensure requirement. It does not prohibit a person holding a real estate broker's or salesman's license from acting in one of the capacities listed in former R.C. 4735.01(F) while at the same time acting in his capacity as a licensed real estate broker or salesman while an employee of the exempted person. The words "regular employees" may be construed to mean persons not holding a real estate license. Former R.C. 4735.01(F) does not prohibit a person exempted thereby from licensure from employing a broker and salesman acting under the broker upon a salary basis to perform services as defined by R.C. 4735.01(A)(8), even though former R.C. 4735.01(F) would exempt the services from licensure. Under such circumstances, the broker and salesman would be acting in that capacity meeting the requirements of R.C. 4735.07.

Thus, in the instant case, Ragias was not prohibited by the statute from acting simultaneously in the dual capacities of trust department employee and licensed real estate salesman. However, the evidence in this case is that he did not do so. The affidavit submitted by Howard Moye states:

"I supervised applicant in the real estate trust department at Bank One Trust Company, NA. Applicant's real

estate license was placed with me from August 16, 1983 to present with both of us acting in our individual capacity and not in any manner whatsoever associated with Bank One Trust Company, NA. No transactions were consummated by the applicant under my broker's license."

In summary, Ragias was acting in the sole capacity of bank employee and not as a real estate salesman in the completion of the transactions at issue. Therefore, on the record before us, it was not error for the commission to conclude that Ragias had not completed the requisite number of transactions to be eligible to take the real estate broker's examination. The trial court erred in reversing the decision of the commission, and the assignment of error is well-taken.

For all the foregoing reasons, the decision of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed
and cause remanded.*

McCORMAC and MITROVICH, JJ., concur.

MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Tenth Appellate District.